IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 3:14cr142HTW-FKB

SHELBIE BROOKE RICHARDS                PETITIONER

### GOVERNMENT'S RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

The United States of America (hereafter "the Government") respectfully submits this response to the Motion (Dkt. 21) of defendant Shelbie B. Richards, pro se, to Correct, Modify Sentence pursuant to Title 28, United State Code, Section 2255. In response, the Government would show:

### BACKGROUND

Richards was charged by criminal information with—

- Conspiracy to commit a Hate Crime, in violation of Title 18, United States Code, Section 371; and

- Misprision of a Felony, in violation of Title 18, United States Code, Section 4.[1]

Richards entered pleas of guilty to both counts of the Information on December 11, 2014, along with a waiver of Indictment. Richards was sentenced on April 8, 2015, to 60 months to serve in Count 1, and 36 months to serve in Count 2 to run consecutively to Count 1, for a total of 96 months of imprisonment. Richards was also sentenced to 3 years of supervised release in Count 1, and one year of supervised release in Count 2. The supervised release was to run concurrently. The Restitution amount was to be determined later by the court.

---

[1] Criminal Information was filed on December 11, 2014 (Dkt. 1).

1

Thereafter, pursuant to Federal Rule of Criminal Procedure 11(c ), Richards entered guilty pleas predicated on a signed plea agreement. *See* Dkt. No.6. The Court accepted Richards' plea and the plea agreement. *See* Dkt. No. 6.

In her written plea agreement entered into with the advice of counsel,[2] Richards specifically waived her right to attack her sentence. See Dkt. No 6 at 8 ("Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights . . . to appeal the conviction and sentence, in exchange for the U. S. Attorney entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights: . . ."). Relevant here, in paragraph 8(b) of the Plea Agreement, Richards "expressly waive[d]" her "**right to contest the . . . sentence** or the manner in which the sentence was imposed **in any post-conviction proceeding, including** but not limited to **a motion brought under Title 28, United States Code, Section 2255."** Dkt. 6, at 8a and 8b (emphases added).

After accepting Richards' guilty plea, the Court entered a judgment of conviction. Dkt. No. 15. Thereafter, the Court sentenced Richards to sixty (60) months as to Count 1, and thirty-six (36) months as to Count 2. *Id*.

Despite having waived her right to attack her sentence through a §2255 motion, Richard has filed such motion. Dkt. No. 21.

**ARGUMENT**

"As a general rule, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." *United States v. Hoctel*, 154 F.3d 506, 507 (5th

---

[2] At the time Richards executed the plea agreement, she was represented by able counsel, Attorney Merrida P. Coxwell, Jr., who also signed the plea agreement.

Cir. 1998). In addition to the general waiver resulting from a defendant's unconditional guilty plea, a defendant may agree to surrender his right to contest his sentencing as part of a plea agreement with the Government. *Id.* at 508.

Courts have long enforced waivers of collateral-attack rights in plea agreements. *See, eg., United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("As a general matter, therefore—and at least under the facts and circumstances of this case—an informed and voluntary waiver of post-conviction relief is effective to bar such relief."); *see also Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001). This is true even where the grounds for the attack arise after the plea agreement is executed. *See Garcia-Santos*, 273 F.3d at 509 (providing prudential and policy reasons).

To date, the Fifth Circuit has recognized two exceptions to this general rule: (1) a claim of ineffective assistance if "the claimed ineffective assistance directly affected the validity of that waiver or the plea itself" and (2) a sentencing claim where the sentence "exceeds the statutory maximum" penalty. *See United States v. Hollins*, 97 Fed. App'x 477, 479 (5th Cir. 2004).

Here, neither exception applies. Richard does not claim that her counsel was ineffective or that such ineffectiveness invalidated her guilty plea. Nor can Richards claim that her sixty-month sentence for Count 1 exceeds the five-year statutory maximum penalty authorized under 18 U.S.C. §371. See 18 U.S.C. § 371 ("If two or more persons conspire either to commit any offense against the United States . . . one or more of such persons do any act to effect the object of the conspiracy, each shall be imprisoned not more than five years. In addition, in Count 2, the thirty-six month sentence authorized under 18 U.S.C. § 4, did not exceeds the three-year statutory maximum penalty. (Whoever having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make

known the same to some judge or other person . . . shall be imprisoned not more than three years). Richards' argument is predicated exclusively on her being less culpable than the co-defendants charged in separate criminal proceedings.  Further, that she should receive a reduction in her sentence because of the classes completed while in prison.

Because Richards voluntarily waived her right to collaterally attach her sentence in a §2255 motion, her present motion must be dismissed.

## CONCLUSION

In the light of the above considerations, the Government respectfully moves this Court to dismiss the instant § 2255 motion as waived and enforce the plea agreement.

Respectfully submitted,

HAROLD BRITTAIN
Acting United States Attorney

By:   /s/Glenda R. Haynes_____
GLENDA R. HAYNES
Assistant United States Attorney
MS Bar # 2132
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
(601) 965-4480

Dated:  March 29, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF), which served to send notification of this filing to counsel of records and to:

Shelbie Richards # 18048-043
Federal Correctional Facility Unit B
P. O. Box 1731
Waseca, MN 56093

/s/ Glenda R. Haynes_____
GLENDA R. HAYNES
Assistant United States Attorney